# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

CLARENCE MOTT                                              CIVIL ACTION

VERSUS

N. BURL CAIN, ET AL.                                       NO. 13-235-BAJ-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 16, 2016.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CLARENCE MOTT                                                        CIVIL ACTION

VERSUS

N. BURL CAIN, ET AL.                                                 NO. 13-235-BAJ-RLB

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petitioner, Clarence Mott, challenges his conviction, entered in 2009 in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on one count of aggravated rape.  The petitioner contends that (1) he was provided with ineffective assistance at trial when his attorney failed to prepare a defense or conduct an investigation, (2) he was provided with ineffective assistance of counsel when his trial attorney failed to hire an expert witness, (3) the trial court erred in denying the petitioner a free copy of the court record; and (4) the evidence was insufficient to support his conviction.

**Factual Background**

The facts, as accurately summarized in the decision of the Louisiana First Circuit Court of Appeal (*State v. Mott*, 09-1371 (La. App. 1 Cir. 2/12/10), 2010 WL 528486), are as follows: On September 14, 1985 at approximately 5:00 a.m. the victim ("L.K.") and her two minor children were asleep inside their Baton Rouge residence when an individual who was subsequently identified as the defendant entered the residence through the bedroom window. L.K. awoke to the defendant in her bed with his hand over her mouth.  The defendant placed what L.K. described as a box cutter on L.K.'s neck and told her, "Be quiet.  Don't scream."  The defendant vaginally raped L.K. as she begged for her life.  According to L.K. the box cutter was

held to her neck throughout the encounter.  Before leaving the residence the defendant warned L.K. not to call the police.  He told her that he would return and kill her if she reported the rape.  The defendant exited the residence through the window.  L.K. immediately contacted the police.

Shortly thereafter, Baton Rouge City Police Officer James B. Smith arrived at the residence to investigate the rape complaint.  Officer Smith observed a small cut in the screen covering the window to L.K.'s bedroom.  The latch at the bottom of the screen was also undone.  There was a five gallon plastic bucket turned upside down outside the window.

L.K. was transported to the hospital where a sexual assault examination was performed.  There were no outward signs of vaginal trauma observed.  However vaginal washings were collected and they revealed the presence of seminal fluid.  L.K.'s gown and panties also tested positive for the presence of seminal fluid.

Because L.K. was unable to identify her attacker the case remained unsolved for years.  In March 2004, the Louisiana State Police Crime Laboratory received a grant that provided the funds needed to perform DNA testing in older unsolved cases.  The samples collected during L.K.'s rape examination in 1985 were sent to an out of state laboratory for testing, and a DNA profile was generated from the seminal fluid.  The defendant was identified as the contributor of the seminal fluid.  A forensic DNA expert explained that the probability of the seminal fluid being that of someone other than the defendant was 1 in 137 trillion.

At trial the defendant testified on his own behalf.  He denied breaking into L.K.'s residence and raping L.K.  He claimed that L.K. invited him to her residence and they engaged in consensual sexual intercourse.  The defendant claimed he entered and exited L.K.'s residence through the front door, not the window.  He also denied possession of a weapon during the encounter.

**Procedural History**

After a trial by jury conducted in March, 2009, the petitioner was found guilty of having committed aggravated rape of L.K. on September 4, 1985. The petitioner was sentenced on April 3, 2009, to life imprisonment without the benefit of probation, parole or suspension of sentence. The petitioner thereafter appealed his conviction through an attorney appointed by the Louisiana Appellate Project and, by way of a *pro se* brief, asserting claims of insufficiency of the evidence (insufficient evidence of possession of a dangerous weapon and of penetration) and ineffective assistance of counsel (failure to investigate all possible defenses, specifically lack of penetration). On February 12, 2010, the petitioner's conviction and sentence were affirmed by the Louisiana Court of Appeal for the First Circuit. *See State v. Mott*, 09-1371 (La. App. 1 Cir. 2/12/10), 2010 WL 528486. The petitioner's application for supervisory review in the Louisiana Supreme Court was denied on October 15, 2010. *See State v. Mott*, 10-0629 (La. 10/5/10), 45 So.3d 1109.

On or about January 10, 2011, the petitioner filed an application for post-conviction relief in the state district court, asserting the claims numbered (1) and (2) in his current federal application for habeas corpus relief. On or about July 22, 2011, the petitioner filed a supplemental application for post-conviction relief, regarding his request for a free copy of the court record, which had been previously requested by way of a Motion for Production of Genuine Documents attached to the petitioner's original PCR application (claim number (3)). Pursuant to an Order dated February 7, 2012, the petitioner's application was denied in the trial court. The petitioner's claims of ineffective assistance of counsel were dismissed because his allegations were insufficient to support a finding that his attorney was ineffective. The petitioner's request for a free copy of the court record was denied for failure to state a

particularized need for the entire record.  Whereas the petitioner sought further review in the Louisiana Supreme Court relative to that determination, his application before that court was denied, on September 28, 2012.  *See State ex rel. Mott v. State*, 12-1115 (La. 2012), 98 So.3d 832.

On or about April 17, 2013, the petitioner filed the instant application for habeas corpus relief in this Court.  The State asserts that a deferential review of the state court proceedings and findings, as mandated by 28 U.S.C. § 2254(d) and (e), compels the conclusion that the petitioner's claims must be rejected.

**Standard of Review**

The standard of review in this Court is that set forth in 28 U.S.C. § 2254(d).  Pursuant to that statute, an application for a writ of habeas corpus shall not be granted with respect to any claim that a state court has adjudicated on the merits unless the adjudication has "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Relief is authorized if a state court has arrived at a conclusion contrary to that reached by the Supreme Court on a question of law or if the state court has decided a case differently than the Supreme Court on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 413 (2000).  Relief is also available if the state court has identified the correct legal principle but has unreasonably applied that principle to the facts of the petitioner's case or has reached a decision based on an unreasonable factual determination.  *See Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).  Mere error by the state court or mere disagreement on the part of this Court with the state court

determination is not enough; the standard is one of objective reasonableness.  *Id*.  *See also Williams v. Taylor*, *supra*, 529 U.S. at 409 ("[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable").  State court determinations of underlying factual issues are presumed to be correct, and the petitioner has the burden to rebut that presumption with clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

The State contends that, applying this standard to the petitioner's claims, there is no basis for the granting of habeas relief.

## Substantive Review

### *Claims (1) and (2):  Ineffective Assistance of Counsel*

Addressing first the petitioner's claims of ineffective assistance of counsel, a habeas petitioner who asserts that he was provided with ineffective assistance of counsel must affirmatively demonstrate (1) that his counsel's performance was "deficient", *i.e.*, that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment; and (2) that the deficient performance prejudiced his defense, *i.e.*, that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial in which the result is reliable.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The petitioner must make both showings in order to obtain habeas relief based upon the alleged ineffective assistance of counsel.  *Id*.

To satisfy the deficiency prong of the *Strickland* standard, the petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards.  *See,* e.g.*, Martin v. McCotter*, 796 F.2d 813, 816 (5th Cir. 1986).  The reviewing court must indulge a strong presumption that counsel's

conduct fell within the wide range of reasonable professional competence and that, under the circumstances, the challenged action might be considered sound trial strategy. *See,* e.g., *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988). This Court, therefore, must make every effort to eliminate the distorting effects of hindsight and to evaluate the conduct from counsel's perspective at the time of trial. *Martin v. McCotter*, *supra*, 796 F.2d at 817. Great deference is given to counsel's exercise of professional judgment. *Bridge v. Lynaugh*, *supra*, 838 F.2d at 773; *Martin v. McCotter*, *supra*, 796 F.2d at 816.

If the petitioner satisfies the first prong of the *Strickland* test, his petition nonetheless must affirmatively demonstrate prejudice resulting from the alleged errors. *Earvin v. Lynaugh*, 860 F.2d 623, 627 (5th Cir. 1988). To satisfy the prejudice prong of the *Strickland* test, it is not sufficient for the petitioner to show that the alleged errors had some conceivable effect on the outcome of the proceeding. *Strickland v. Washington*, *supra*, 466 U.S. at 693. Rather, the petitioner must show a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different. *Martin v. McCotter*, *supra*, 796 F.2d at 816. The habeas petitioner need not show that his counsel's alleged errors "more likely than not" altered the outcome of the case; he must instead show a probability that the errors are "sufficient to undermine confidence in the outcome." *Id*. at 816-17. Both the *Strickland* standard for ineffective assistance of counsel and the standard for federal habeas review of state court decisions under 28 U.S.C. § 2254(d)(1) are highly deferential, and when the two apply in tandem, the review by federal courts is "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

The above showing is one that the petitioner cannot make in the instant case. In Claim (1), the petitioner asserts that his trial counsel was ineffective for failing to conduct an

investigation, emphasize that aggravated rape carries a mandatory life sentence, and argue the applicability of other responsive verdicts.

"[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland,* 466 U.S. at 691. "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green,* 882 F.2d 999, 1003 (5th Cir. 1989). The petitioner has alleged that his trial counsel never met with him privately prior to trial and that the petitioner was not interviewed by any investigators from the public defender's office. However, the petitioner does not allege what a private meeting with counsel or an interview with an investigator would have revealed, or how such meetings would have altered the outcome of the trial. Considering that the petitioner admitted to having sexual intercourse with the victim, it is unclear what any additional investigation could have revealed or uncovered.

As such, the petitioner is unable to show prejudice resulting from his attorney's alleged misconduct in this regard. In other words, the petitioner has not shown a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different or shown a probability that the asserted error is "sufficient to undermine confidence in the outcome." Thus, the petitioner has failed to meet his burden of proof relative to this claim.

For similar reasons, the petitioner has failed to show that it was an unreasonable strategic determination to refrain from emphasizing that aggravated rape carries a mandatory life sentence and arguing the applicability of other responsive verdicts. The defense presented at trial was that of consensual intercourse supported by the petitioner's testimony. It is apparent that the petitioner's attorney made the strategic determination that emphasizing the penalties for

aggravated rape or arguing the applicability of other responsive verdicts would tacitly imply a lack of consent, thus undermining the defense presented and the petitioner's own testimony that he was factually innocent. In this Court's view, this was not an unreasonable strategic determination.

Further, and in any event, even were the petitioner to prove successful in asserting that his counsel's performance was deficient in this regard, he has not established prejudice resulting from such deficiency. The petitioner acknowledges that his trial counsel did mention the mandatory life sentence and other responsive verdicts in his closing argument. Furthermore, the jury was made aware during *voir dire* that aggravated rape carries a mandatory life sentence, and the trial court instructed the jury regarding other responsive verdicts. The petitioner has not alleged how further emphasis of these two points by trial counsel would have altered the result of the proceeding. Accordingly, there is no merit in the petitioner's assertion in this regard.

In Claim (2), the petitioner asserts that his trial counsel was ineffective for failing to hire an expert witness to rebut the state's expert witness testimony on DNA. In light of the petitioner's trial testimony that he engaged in consensual sex with the victim on the night in question, there was no dispute that it was petitioner's DNA recovered from the victim. Furthermore, in the absence of any assertion as to what testimony an expert witness would have presented at trial, the Court cannot find that counsel was ineffective on this ground or that the petitioner suffered any prejudice due to his trial counsel's failure to retain an expert. Accordingly, neither Claim (1) or Claim (2) presents an unreasonable application of *Strickland* by the state courts, and these claims should be dismissed with prejudice for lack of merit.

### *Claim (4): Sufficiency of the Evidence*

In Claim (4), the petitioner asserts that the evidence presented was insufficient to establish that the petitioner possessed a dangerous weapon at the time of the rape. The petitioner generally attacks the credibility of the victim as he did in the state court on direct appeal. Applying the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), the Louisiana First Circuit Court of Appeal concluded that there was sufficient evidence to support the conviction, given the victim's testimony that the perpetrator held a sharp object to her neck that was likely a box cutter and not the perpetrator's fingernails, since she testified that she felt the cold metal against her skin. The state court found that the jury accepted the victim's account of events over the petitioner's claims of consensual sex, and was free to make such credibility determinations. This Court agrees.

Credibility determinations are squarely within the province of the trier of fact. Witness credibility is an issue for the jury, not a federal *habeas* court. Where a petitioner's insufficient evidence claim is based on the credibility of a witness, a federal *habeas* court generally will not grant relief. *See Schlup v. Delo,* 513 U.S. 298, 330 (1995) ("[U]nder *Jackson,* the assessment of the credibility of witnesses is generally beyond the scope of review."); *Ramirez v. Dretke,* 398 F.3d 691, 695 (5th Cir. 2005) ("All credibility choices and conflicting inferences are to be resolved in favor of the verdict."); *McCowin v. Scott,* No. 93–5340, 1994 WL 242581, at *2 (5th Cir. May 26, 1994) (A "challenge of the jury's credibility choice fails to satisfy the *Jackson* standard for habeas relief.").

The jury was well within its role and acted quite reasonably when it credited the prosecution witnesses over those presented by Petitioner. In the instant case, the elements of the crime were established through the victim's testimony. Generally, a victim's testimony alone is

sufficient to support a conviction. *Peters v. Whitley,* 942 F.2d 937, 941–42 (5th Cir. 1991); *see also Fetterley v. Whitley,* No. 94–30310, 1994 WL 708655, at *1 n. 6 (5th Cir. Dec.6, 1994).

For the reasons noted by the state court, the evidence presented in the instant case, viewed in the light most favorable to the prosecution, was sufficient for any rational trier of fact to find the petitioner guilty beyond a reasonable doubt. Therefore, he cannot show that the state court's decision rejecting his claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Accordingly, this Court should likewise reject the petitioner's claim challenging the sufficiency of the evidence.

### *Claim (3): Denial of Free Copy of Court Record*

The petitioner asserts in Claim (3) that the state trial court erred in denying him production of a free copy of the court record in order to complete his PCR application.[1] First, to the extent the petitioner contends that the state trial court's decision in his case is contrary to or an unreasonable interpretation of any state law, such contention is beyond the scope of habeas review, as the U.S. Supreme Court has held that is it not the province of a federal habeas court to reexamine state court determinations on state law questions. *Estelle v. McGuire,* 502 U.S. 62 (1991); *West v. Johnson,* 92 F.3d 1385, 1404 (5th Cir. 1996), *cert. denied,* 520 U.S. 1242 (1997) (finding that asserted violations of state law are no basis for federal habeas relief).

---

[1] The State has asserted that this Court lacks jurisdiction to consider this claim because there is no federal constitutional right to either appellate or post-conviction review; however, as set forth below, while there is no absolute right to a free copy of a state court criminal trial court record, an indigent petitioner may be entitled to free copy of the record under certain circumstances. The State also asserts that the petitioner did not fairly present a claim violation of the Federal Constitution in the state courts because he did not mention any federal law in his pleadings until the filing of the instant habeas petition. However, a review of the petitioner's supplemental PCR application contains numerous references and citations to federal law. Accordingly, this Court will consider Claim (3) on the merits.

Furthermore, there is no constitutional mandate that one pursuing post-conviction collateral relief must be provided a free copy of his state court criminal trial record.  *Smith v. Beto*, 472 F.2d 164 (5th Cir. 1973).  On collateral review an indigent petitioner's right to a trial transcript is not absolute.  Indeed, an indigent petitioner must show a need for the transcript.  *Id*. at 165.  A petitioner must also demonstrate that the claims he seeks to raise are not frivolous.  In other words, he must show a particularized need for the transcripts.  *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. l992) (*citing United States v. MacCollom*, 426 U.S. 317 (1976)).

The petitioner made no such showing in the state court in his Motion for Production of Genuine Documents or his supplemental PCR application.  The petitioner did not identify any specific portion of the court record necessary to support a claim set forth in his PCR application.  The petitioner also makes no such showing herein.  Since the petitioner has not shown that the state trial court's denial of the petitioner's request for a free copy of the state court record judgments was an unreasonable application of federal law, his claim concerning entitlement to a free copy of the record must be dismissed on the merits.

**Certificate of Appealability**

Should the petitioner pursue an appeal, a certificate of appealability should also be denied.  An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether she would be entitled to a certificate of appealability.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).

In cases where the Court has rejected a petitioner's constitutional claims on substantive grounds, a petitioner must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005), *quoting Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In the instant case, the Court finds that reasonable jurists would not debate the denial of defendant's application or the correctness of the substantive ruling.  Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## RECOMMENDATION

It is recommended that the petitioner's application for habeas corpus relief be denied, and that this proceeding be dismissed.  It is further recommended that in the event the petitioner pursues an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on August 16, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**